**MODIFY and AFFIRM; and Opinion Filed December 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00591-CR
No. 05-15-00604-CR

**KEVIN RAY WINGO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-62425-Q, F15-70088-Q**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Schenck
Opinion by Justice Schenck

Kevin Ray Wingo was convicted, following the adjudication of his guilt, for aggravated assault with a deadly weapon involving family violence, and his conviction for delivery of marijuana in an amount of five pounds or less but more than one-fourth ounce. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011); TEX. FAM. CODE ANN. § 71.0021, 71.005 (West 2014 & Supp. 2015); TEX. HEALTH & SAFETY CODE ANN. § 481.120(a), (b)(3) (West 2010). The trial court assessed punishment on the aggravated assault case at ten years' imprisonment. In the marijuana case, the trial court assessed punishment, enhanced by two prior felony convictions, at ten years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the

appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note there are several errors in the judgments. In cause no. 05-15-00591-CR, the judgment adjudicating guilt incorrectly omits the "involving family violence" designation from the offense for which appellant was convicted. The trial court expressly found the offense involved family violence. Moreover, the judgment adjudicating guilt incorrectly reflects there was a plea bargain agreement, when, in fact, appellant entered an open plea of true to the allegations in the motion to adjudicate. Accordingly, we modify the section of the judgment adjudicating guilt entitled "offense for which defendant convicted" to state "aggravated assault with deadly weapon involving family violence, and the section entitled "terms of plea bargain" to state "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

In cause no. 05-15-00604-CR, the judgment incorrectly identifies the statute for the offense as "481.112 Health and Safety Code." Appellant was convicted of delivery of marijuana pursuant to section 481.120 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120(a). And, the judgment incorrectly reflects there was a plea bargain agreement although appellant entered an open guilty plea. Accordingly, we modify the section of the judgment entitled "statute for offense" to show "481.120 Health and Safety Code," and the section entitled "terms of plea bargain" to state "open." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

As modified, we affirm the trial court's judgments.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150591F.U05

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEVIN RAY WINGO, Appellant

No. 05-15-00591-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-62425-Q).
Opinion delivered by Justice Schenck, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Offense for which Defendant Convicted" is modified to show "Aggravated Assault with Deadly Weapon Involving Family Violence."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered December 1, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEVIN RAY WINGO, Appellant

No. 05-15-00604-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F15-70088-Q).
Opinion delivered by Justice Schenck, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "481.120 Health and Safety Code."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered December 1, 2015.